UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ORDER

| | |
|---|---|
| In Re: PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION, _____/ | No. 09-MD-2022 FCD GGH |
| MICHAEL SWANEY, on behalf of himself and other similarly situated, <br><br>     Plaintiff, <br><br>   v. <br><br> PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 50, inclusive, <br><br>     Defendants. <br> _____/ | No. 08-CV-2672 FCD GGH |

1

```
JESSICA R. CLARK, individually        No. 09-CV-1040 FCD GGH
and on behalf of all others
similarly situated,

            Plaintiff,

     v.


PAYLESS SHOESOURCE, INC.; and
DOES 1 through 100, inclusive,

            Defendants.
_____/
```

----oo0oo----

This matter is before the court on plaintiffs Michael Swaney and Jessica R. Clark's (collectively "plaintiffs") and defendant Payless ShoeSource, Inc.'s ("Payless" or "defendant") briefs regarding the proper issues to be tried before a jury. On June 25, 2009, plaintiffs filed a consolidated class action complaint for civil penalties, damages, and injunctive relief arising out of alleged violations of the Song-Beverly Credit Card Act of 1971, California Civil Code § 1747.08, and invasion of privacy in violation of the California Constitution. Plaintiffs contend that they are entitled to try both of these claims before a jury. Defendant contends that plaintiffs are not entitled to a jury trial on their cause of action for alleged violations of § 1747.08 because the statute and the civil penalties sought are equitable, not compensatory, in nature.[1]

/////

---

[1] Defendant does not argue that plaintiffs' invasion of privacy claim should not be tried before a jury. As such, the court does not address this issue.

2

**BACKGROUND**

Plaintiffs allege that they respectively went to different Payless stores in California, where they each selected a product to purchase and proceeded to the cash register. (Consolidated Complaint [Docket #6], filed June 25, 2009, ¶¶ 13-15, 20-22.) Plaintiffs allege that the employee at the register informed them of the amount due for the products they wanted to purchase, they swiped their credit cards into a credit card processing device, and then the store employee requested personal identification information from plaintiffs in the form of their telephone numbers. (Id. ¶¶ 16-17, 23-24.) Plaintiffs further allege that the store employee then entered their telephone numbers into an electronic cash register. (Id. ¶¶ 18, 25.)

Plaintiffs aver that they each provided their telephone numbers because they believed providing a telephone number was required to complete the credit card purchase transaction. Id. Additionally, plaintiffs allege that Payless subsequently engaged in a "reverse search" to determine plaintiffs' home addresses. (Id. ¶ 43.)

**STANDARD**

The Seventh Amendment to the United States Constitution protects a party's right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const., amend. VII. "The phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" Chauffeurs, Teamsters & Helpers, Local

No. 391 v. Terry, 494 U.S. 558, 564-65 (1990) (citations omitted; emphasis in original).  "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."  Ross v. Bernhard, 396 U.S. 531, 538 (1970).

A two-pronged test governs whether the right of trial by jury attaches to a given cause of action.  MedImmune, Inc. v. Genentech, Inc., 535 F. Supp. 2d 1020, 1022 (C.D. Cal. 2008).  Under the first prong, courts compare the statutory action to 18th-century actions brought in the courts of England, inquiring whether the statutory action is more similar to actions that were tried in courts of law as opposed to courts of equity.  Id. (citing Tegal Corp. v. Tokyo Electron Am.,Inc., 257 F.3d 1331, 1339 (Fed. Cir. 2001)).  Under the second prong, courts examine whether the remedy sought is legal or equitable in nature.  Id.  The second prong is more important and given more weight than the first.  Id.; see also Hynix Semiconductor, Inc. v. Rambus, Inc., 527 F. Supp. 2d 1084, 1087 (N.D. Cal. 2007) ("This second inquiry is the more important of the two.").

In diversity cases, whether issues are to be tried before a jury is to be determined as a matter of federal law.  Simler v. Conner, 372 U.S. 221, 222 (1963).  "[T]he substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law."  Id.  Accordingly, a federal court first looks to state law to determine the elements of the cause of action and remedies

4

sought, and then looks to federal law to characterize the action and remedies as either legal or equitable. Gallagher v. Wilton Enters., Inc., 962 F.2d 120, 122 (1st Cir. 1992).

**ANALYSIS**

Generally, § 1747.08 prohibits businesses that accept credit cards from requesting or requiring and recording "personal identification information" of a cardholder "as a condition to accepting the credit card as payment" and from using a credit card form that facilitates the obtaining of such information. Cal. Civ. Code § 1747.08(a); TJX Cos., Inc. v. Super. Ct., 163 Cal. App. 4th 80, 87-88 (4th Dist. 2008). The statute's purpose is "to allow lawful and appropriate use of credit cards in the marketplace, while protecting credit card holders from unauthorized privacy violations." Parity City Corp. v. Superior Court, 169 Cal. App. 4th 497, 508-09, 520 (4th Dist. 2008) The statute authorizes an action for mandatory civil penalties by a cardholder that can range up to the maximum amounts authorized by the statute, which are $250 for the first violation and $1,000 for subsequent violations. TJX Cos., Inc., 163 Cal. App. 4th at 85; Cal. Civ. Code § 1747.08(e).

An award of money damages is not necessarily "legal" relief. Curtis v. Loether, 415 U.S. 189, 196 (1974). Rather, monetary relief can be characterized as "equitable" where payment is an integral part of an equitable remedy, such as restitution. Id. at 197.

The Supreme Court has held that the Seventh Amendment requires a jury trial where civil penalties assessed were legal in nature. Tull v. United States, 481 U.S. 412 (1987). In

Tull, the Court considered whether the Seventh Amendment guaranteed a jury trial right for an action by the Government for civil liability under the Clean Water Act.  The legislative history and plain language of the Clean Water Act expressly enumerated numerous factors for courts to consider in determining the amount of the civil penalties.  Tull, 481 U.S. at 422-23. In concluding that the civil penalties in that case were legal in nature, the Supreme Court found it significant that courts were to consider numerous factors that were not equitable in nature in calculating the amount of the civil penalties imposed, such as punishment and need for retribution. Id.  The Supreme Court held that the punitive nature of the relief sought was traditionally available only in a court of law.  Id.  Therefore, the parties were entitled to a jury right on demand as to the determination of liability.  Id. at 423;[2] see also Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998) (holding that an action involving statutory damages gives rise to a constitutional jury trial right with respect to the determination of liability as well as to the amount of damages); United States v. Nordbrock, 941 F.2d 947, 949 (9th Cir. 1991) (holding that the Seventh Amendment guaranteed a jury trial right in a Government action seeking civil penalties).

　　　　However, California courts have determined that statutory civil penalties are not legal in nature where the statute is "informational and preventative rather than compensatory in its

---

[2] However, the Court held that there was no constitutional right to a jury trial on the amount of civil penalties under the facts before it.  Id. at 426-27.

nature." Dipirro v. Bondo Corp., 153 Cal. App. 4th 150, 182 (1st Dist. 2007); Mendoza v. Ruesga, 169 Cal. App. 4th 270, 285 n.9 (4th Dist. 2008).  In DiPirro, the court addressed whether plaintiff was entitled to a jury trial on an affirmative defense raised under the California Safe Drinking Water and Toxic Enforcement Act of 1986.  The purpose of the statute is "to facilitate the notification of the public of potentially harmful substances, so informed decisions made be made by consumers on the basis of disclosure."  Id. at 183.  The court noted that the remedies sought were equitable in nature, in part because they are highly discretionary, considering numerous factors "that do not primarily take into account any harm suffered by plaintiff."  Id. at 182.  Indeed, the civil penalties sought were "designed to deter misconduct and harm, not to compensate the plaintiff for actual damages sustained."  Id. at 183. Thus, the court concluded that the civil penalties afforded by the statute were "not damages at law, but instead constitute equitable relief appropriate and incidental to enforcement of the Act, which do not entitle the plaintiff to a jury trial."  Id. at 184; see Mendoza, 169 Cal. App. 4th at 285 n.9 ("[A] claim for civil penalties under the ICA is a matter for the trial court rather than the jury.").

   In this case, both the purpose of § 1747.08 and the relief sought by plaintiffs pursuant to the statute support the court's conclusion that the civil penalties in this case are equitable in nature.  First, as in Dipirro, the purpose of § 1747.08 is to promote the lawful use of credit cards and deter conduct that would put consumers' privacy at risk.  As such, the statute is

7

preventative in nature.  Second, the amount of the penalty is highly discretionary and is imposed in order "to deter misconduct and harm, not to compensate the plaintiff for actual damages sustained."  Id. at 183; cf. Feltner, 523 U.S. at 342 (holding that the Seventh Amendment guaranteed a jury trial right with respect to the amount of statutory *damages* that are at least partially compensatory in nature).  Further, unlike Tull, there is no indication that the legislature has directed the consideration of non-equitable factors, such as punishment or retribution, in determining the amount of statutory damages.  The amount of penalty imposed under § 1747.08 rests "within the sound discretion of the trial court."  TJX Cos., Inc., 163 Cal. App. 4th at 85.  Finally, the only other federal district court to consider this issue also found that the civil penalties set forth in § 1747.08 are equitable in nature, and thus, the plaintiff was not entitled to a jury trial with respect to either liability or amount.  Shabaz v. Polo Ralph Lauren, 586 F. Supp. 2d 1205, 1211-12 (C.D. Cal. 2008) (holding that the nature of the action and the remedy sought were equitable in nature).

Accordingly, the court concludes that claims under § 1747.08 are not guaranteed jury trials by the Seventh Amendment.[3]

/////

/////

/////

---

[3] For the same reasons set forth above, the court also finds that the determination of the amount of civil penalties is not a jury question.

IT IS SO ORDERED.

DATED: September 11, 2009

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE