UNITED STATES DISTRICT COURT

EASTERN DISTRICT

SACRAMENTO DIVISION

| | |
|---|---|
| In Re: PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION<br><br>(This document relates to ALL ACTIONS) | Case No. 09-MD-02022 FCD (GGH)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:     Hon. Frank C. Damrell, Jr.<br>Location:  Courtroom 2 |
| MICHAEL SWANEY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 08-CV-02672 FCD (GGH) |
| JESSICA R. CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC.; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 09-CV-01040 FCD (GGH) |

**ORDER GRANTING PRELIM. APPROVAL OF CLASS SETTLEMENT & PROV. CLASS CERT.**

This matter is before the court on plaintiffs Michael Swaney's and Jessica Clark's unopposed motion for preliminary approval of class settlement and provisional class certification under Rule 23(e) of the Federal Rules of Civil Procedure. The court reviewed the motion, including the Settlement Agreement and Release ("Agreement"). Based on this review and the findings below, the court finds good cause to grant the motion.

**FINDINGS:**

1. The Agreement is fair, reasonable, and adequate;

2. The Full Notice, Summary Notice, Store Notice, Tear Away Pad, and Claim Form (attached to the Agreement) comply with due process because the notices and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

3. The Class (defined below) is so numerous that joinder of all Class members is impracticable;

4. The claims of Michael Swaney and Jessica Clark ("Plaintiffs") are typical of the Class' claims;

5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members; and

6. Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Agreement, including the Full Notice, Summary Notice, Store Notice, Tear Away Pad, and Claim Form, attached to the Agreement as Exhibits B through F are preliminarily approved.

2. **Provision of Class Notice**. Defendant Payless ShoeSource, Inc. ("Payless") will notify class members of the settlement in the manner specified under Paragraph 3.3 of the Agreement and will pay all costs associated with class administration and providing notice to Class Members. No later than seven (7) calendar days before the filing date of Plaintiffs'

1  application or motion in support of the Final Approval Order and Judgment, Defendant is to
2  provide Plaintiffs with a declaration or declarations confirming that the notice has been provided
3  in accordance with paragraph 3.3 of the Agreement.

4        3. **Claim for Merchandise Certificate**.  Class Members who want to receive a $10
5  Merchandise Certificate under the Agreement must accurately and completely fill out a Claim
6  Form and submit it through the Internet website maintained by the Claims Administrator or by
7  facsimile or U.S. mail to the Claims Administrator no later than ninety (90) calendar days from
8  when Payless begins to provide notice to the class as provided in Paragraph 2 of this Order.  The
9  delivery date for the Claim Form is deemed to be the date (a) the form is deposited in the U.S.
10 Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of
11 submission by facsimile or through the Settlement Website, the date the Claims Administrator
12 receives the Claim Form, as evidenced by the transmission receipt.

13       4. **Request to Opt Out of Marketing Communications**.  Class Members who want
14 to cease receiving marketing communications from Payless must check the appropriate box on the
15 Claim Form.

16       5. **Objection to Settlement**.  Class members who want to object to the Agreement
17 must file a written objection and/or a Notice of Intention to Appear with the Court, and serve
18 copies on Class Counsel and Defendant's Counsel no later than seventy-five (75) calendar days
19 from when Defendant provides notice to the Class as provided in Paragraph 2 of this Order.  The
20 Objection must state:  (a) the name of the Action and case number, "*In re Payless ShoeSource,*
21 *Inc., California Song-Beverly Credit Card Act Litigation,* Case No. 09-MD-02022-FCD (GGH),"
22 (b) the full name, address, and telephone number of the person objecting, (c) a statement that the
23 person is a Class Member; (d) the words "Notice of Objection" or "Formal Objection," (e) in
24 clear and concise terms, the legal and factual arguments supporting the objection; and (f) whether
25 the person intends to appear to speak at the Fairness Hearing.  The objection will not be valid if it
26 only objects to the lawsuit's appropriateness or merits.

27       6. **Failure to Object to Settlement.**  Class members who fail to object to the
28 Agreement in the manner specified above will: (a) be deemed to have waived their right to object

-2-   **ORDER GRANTING PRELIM. APPROVAL OF CLASS SETTLEMENT & PROV. CLASS CERT.**

1  to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at the Fairness Hearing.

7. **Requesting Exclusion**.  Class members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating  (a) the name of the Action and case number, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation,* Case No. 09-MD-02022-FCD (GGH)," (b) the full name, address, and telephone number of the person requesting exclusion, and (c) a statement that the person is a Class member and wishes to be excluded from the Class, postmarked no later than seventy-five (75) calendar days from when Defendant provides notice to the class as provided in Paragraph 2 of this Order. Defendant is to provide the Parties a list of Class members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment.

8. **Provisional Certification**.  The Class is provisionally certified as a class of all persons who between January 1, 2008 and the date of entry of this Order purchased merchandise from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the purchase(s), and whose personal identification information, including, but not limited to, any telephone number, was requested and recorded by Payless.

9. **Appointment of Class Representative and Class Counsel**.  Plaintiffs Michael Swaney and Jessica Clark are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Agreement.  Stonebarger Law, APC, Harrison, Patterson & O'Connor LLP, and the Linde Law Firm are appointed as co-Class Counsel. Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

10. **Termination**.  If the Agreement terminates for any reason, the following will occur:  (a) Class certification will be automatically vacated; (b) Plaintiffs will revert to functioning as putative class representatives as if no class had been certified; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties

1  executed the Agreement.  This Order will not waive or otherwise impact the Parties' rights or
2  arguments.

3      11.    **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or
4  concession on any point of fact or law by or against any Party.

5      12.    **Fairness Hearing**.  On **December 3 2010, at 10:00 a.m.,** this Court will hold a
6  Fairness Hearing to determine whether the Agreement should be finally approved as fair,
7  reasonable, and adequate.  All supporting papers must be filed no later than seven (7) calendar
8  days before the Fairness Hearing.  This Court may order the Fairness Hearing to be postponed,
9  adjourned, or continued.  If that occurs, Defendant will not be required to provide additional
10 notice to class members.

12 DATED: June 21, 2010

13 _____
   FRANK C. DAMRELL, JR.
14 UNITED STATES DISTRICT JUDGE